UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.G., individually and in her capacity as Parent of A.R., a Student with a Disability<br><br>                                    *Plaintiff,*<br><br>              -against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                                    *Defendant.* | **Complaint**<br><br>Civil No.:   17-cv-1135<br><br>ECF Case |

### I. INTRODUCTION, JURISDICTION, AND VENUE

1. Plaintiff J.G., the parent of a student with a disability, brings this action to recover attorneys' fees and costs incurred in litigating a due process hearing brought under, *inter alia*, the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq*.

2. The IDEA authorizes awards of reasonable attorneys' fees to the parent of a child with a disability who prevails in an administrative hearing, pursuant to Section 1415(i)(3)(B)(i). Claims for these fees are brought in federal district court. 20 U.S.C. § 1415(i)(3)(A).

3. J.G. was prevailing party in the due process hearing.

4. This court has jurisdiction over the Plaintiff's claim pursuant to 20 U.S.C. § 1415(i)(3)(A) and (B), as an action for an award of reasonable attorney's fees to prevailing parties in administrative proceedings under the IDEA; and under 28 U.S.C. § 1331 as an action raising a federal question.

5. Venue lies in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2) as the judicial district in which defendant NEW YORK CITY DEPARTMENT OF

EDUCATION ("DOE") is partially located,[1] operates public schools, and conducts all of the IDEA due process hearings for New York City, including the administrative hearing giving rise to this claim.

6. This action is timely commenced within three years of the Findings of Fact and Decisions of the Impartial Hearing Officer ("IHO").[2]

## II. PARTIES

7. The Plaintiff J.G. is the parent and legal guardian of A.R., a child with learning disabilities.

8. The Parent and Student are identified by initials in the caption of this action and throughout the Complaint consistent with the spirit of Federal Rule of Civil Procedure 5.2(a).

9. J.G. and A.R. currently, and at all times relevant to this complaint, resides in New York City, New York.

10. Defendant, ("DOE"), is the official body responsible under the IDEA and the New York State Education Law for providing a Free Appropriate Public Education ("FAPE") to New York City residents between the ages of three and twenty-one who have been classified as students with disabilities in need of special education services and who have not yet received a regular high school diploma.

11. Defendant DOE is a municipal corporation whose principal offices are located at 52 Chambers Street, New York, New York 10007.

---

[1] The DOE exercises jurisdiction over public schooling in the five boroughs of the City of New York, which lies partially within the jurisdiction of the Eastern District of New York and partially within the jurisdiction of the Southern District of New York. *See A.R. ex rel. R.V. v. New York City Dep't of Educ.*, 407 F.3d 65, 79 (2d Cir. 2005).

[2] The "applicable limitations period to institute an action for attorney's fees is governed by New York state law, NY.C.P.L.R. § 214(2), and is three years from accrual." *See E.A. ex rel. J.V. v. New York City Dep't of Educ.*, 11–CV–1205(LBS), 2011 WL 5346095, at *1 (S.D.N.Y. Nov. 7, 2011).

## III. THE IDEA

12. The IDEA seeks to "ensure that all children with disabilities have available to them a FAPE that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A).

13. The United States Department of Education has promulgated regulations implementing the IDEA, which are currently found at 34 C.F.R. Part 300 *et seq*.

14. New York State implements the IDEA through Article 89 of the New York Education Law and through New York State regulations.

15. New York State, through local school districts, must make a free appropriate public education ("FAPE") available to all eligible children with disabilities residing in the state. Under the IDEA, a FAPE is defined as special education and related services provided in conformity with the requirements of the IDEA. 20 U.S.C. § 1401(9).

16. The Defendant DOE is a school district located in New York City and was at all relevant times responsible for providing a FAPE to A.R. under the IDEA.

17. The IDEA and its state-law counterparts provide procedural safeguards to enable parents and students to challenge the local educational agency's decisions. These safeguards include the right to file a complaint—referred to as a "due process complaint"—requesting a hearing "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child." 20 U.S.C. § 1415(b)(6)(A).

18. Due process complaints are resolved through administrative "impartial hearings." *See, e.g.*, 34 C.F.R. §§ 300.511–12. In New York, impartial hearings are presided over by an

Impartial Hearing Officer. *See* N.Y. Comp. Codes R. & Regs. tit. 8 (8 NYCRR), §§ 200.1(x), 200.5(j)(3).

19. The decision of a Hearing Officer is final, but is subject to appeal. *See* 34 C.F.R. § 300.514. In New York, which is a "two-tier" state, initial appeals of a Hearing Officer's decision are made to a State Review Officer, *see* 8 NYCRR § 200.5(k), after which further review can be sought in either state court or federal district court, *see* 20 U.S.C. § 1415(i)(2).

IV. FACTUAL BACKGROUND

20. Plaintiff initially requested a due process hearing *pro se* by letter to the DOE on September 30, 2013 (the "*Pro Se* DPC"). The one-page *Pro Se* DPC alleged A.R.'s IEP did not provide adequate services and misclassified him.

21. The DOE assigned impartial hearing number 147500 to Plaintiff's request.

22. On October 18, 2013, the Plaintiff retained the not-for-profit law firm Partnership for Children's Rights ("PFCR") as legal counsel for the pending case.

23. PFCR is a charitable organization authorized by the Appellate Division of the Supreme Court of the State of New York to provide legal services without fee to low-income families in civil legal matters involving the rights of children in all five boroughs of New York City.

24. PFCR's offices are located in Manhattan.

25. J.G. and A.R. currently, and at all times relevant to this complaint, qualifies for free legal services under PFCR guidelines.

26. On October 22, 2013, PFCR filed a notice of appearance in the matter with the DOE and Impartial Hearing Officer, Daniel Ajello, Esq. (the "IHO"), obtained leave to amend the *Pro Se* DPC, and obtained an October 31, 2013 hearing date to address A.R.'s pendency placement during the hearing pursuant to the "stay-put" provision. *See* 20 U.S.C. § 1415(j) (requiring

during the pendency of a due process proceeding, unless the school district and the parent otherwise agree, the child shall remain in the last agreed upon educational program of the child).

27. On October 30, 2013, through attorneys at PFCR, the Plaintiff filed an 18-page amended due process complaint (the "Amended DPC") that alleged the DOE violated A.R. and J.G.'s rights pursuant to the IDEA, New York State Law, and Section 504 of the Rehabilitation Act and A.R. was denied a FAPE during the 2011–2012, 2012–2013, and 2013–2014 school years. The Amended DPC included claims that contested aspects of the evaluations, individualized education programs, and placements that were provided by the DOE.

28. The Amended DPC requested new evaluations of A.R. and prospective funding for make-up tutoring and related educational services, and an appropriate IEP as relief.

29. The DOE did not resolve the issues in the *Pro Se* DPC during the initial 30-day resolution period or in the Amended DPC during the second 30-day resolution period (triggered by the Amended DPC). *See* 8 NYCRR § 200.5(i)(7)(ii).

30. The DOE did not conduct a resolution meeting with the Plaintiff, as mandated by the IDEA, *see* 20 U.S.C. § 1415(f)(1)(B), and New York regulations, *see* 8 NYCRR 200.5(j)(2).

31. The impartial hearing was convened on October 31, 2013, and continued on December 3, 2013, January 8, 2014, and January 29, 2014. A hearing date was scheduled for January 13, 2014 but was adjourned on or about January 8, 2014.

32. The DOE did not put forth any witnesses or documentary evidence at the hearing.

33. The Plaintiff sought, and was awarded, evaluations pursuant to an interim order by the IHO. The IHO ordered the DOE to fund an independent speech and language evaluation of A.R. and provided the DOE with 30-days to complete an assistive technology evaluation or the Plaintiff was entitled to DOE funding for an independent assistive technology evaluation.

34. Written closing statements were submitted by the parties in February 2014.

35. The IHO issued his Findings of Fact and Decisions ("FOFD") on March 3, 2014. He found in favor of the Plaintiff and concluded that the DOE had denied FAPE to A.R. during each of the contested school years, 2011–2012, 2012–2013, and 2013–2014. The compensatory relief the IHO awarded the Plaintiff and Student included ordering the DOE to: prospectively fund 700 of hours of homebased one-on-one academic tutoring for A.R.; provide A.R. with 2 hours per week of one-on-one speech-language therapy, outside of school, on a 12-month basis until June 2015; and provide A.R. with one additional weekly session (for 45-60 minutes) of speech-language therapy in school until June 2015. The IHO also ordered the DOE to evaluate A.R. for a central auditory processing disorder and ordered funding for an independent assistive technology evaluation for A.R.

36. The FOFD was not appealed by the DOE or the Plaintiff.

## CAUSE OF ACTION

37. As set forth in the paragraphs above, the Plaintiff was a prevailing party at the impartial hearing and as such the court, "in its discretion, may award reasonable attorneys' fees and costs" under the IDEA. 20 U.S.C. § 1415(i)(3)(B)(i).

38. The Plaintiff seeks attorneys' fees for the impartial hearing in the amount of $31,266.50 (thirty-one thousand two hundred sixty-six dollars and fifty cents.) This reflects the work of three PFCR attorneys:

    a. Todd Silverblatt graduated from Brooklyn Law School in 1978. Mr. Silverblatt has 38 years of litigation experience and has done special education work exclusively for the last 17 years. He has served as the Executive Director of PFCR

for 11 years. Mr. Silverblatt worked on the Plaintiff's due process hearing for a total of 2.2 hours at the rate of $395.00 per hour.

b. Charles Scholl is a 2009 graduate of the City University of Law. Mr. Scholl is an associate staff attorney at PFCR. He worked on Plaintiff's due process hearing for a total of 59.8 hours at the rate of $275.00 per hour along with 3.0 hours of travel at the rate of $137.30 per hour.

c. Andria Seo is a 2013 graduate of New York University School of Law. Ms. Seo was a fellowship recipient and staff attorney at PFCR from September 2013 until August 2015. She is currently a project attorney in Oregon. Ms. Seo worked on the Plaintiff's due process hearing for a total of 66.2 hours at the rate of $200.00 per hour and for 3.0 hours of travel time at the rate of $100.00 per hour.

39. The hours expended by the attorneys in connection with this case were reasonable in relation to the services required and performed. PFCR's hours were contemporaneously recorded.

40. The fees requested are based on prevailing hourly rates in the community for similar services provided by attorneys with comparable background and professional experience, consistent with the with the IDEA, 20 U.S.C. § 1415(i)(3)(C).

41. The Plaintiff's retainer agreements with PFCR provides that the organization will not charge the Plaintiff attorneys' fees for its services, but that PFCR may ask a court to order the DOE to pay reasonable fees and costs, and if awarded, PFCR will keep them. The retainer agreement further provides that PFCR is subrogated to any rights that the Plaintiff may have to statutory attorneys' fees or costs payable by the DOE under the IDEA.

42. Through counsel, the Plaintiff has made a written demand upon Defendants for payment of reasonable attorney's costs and fees in connection with PFCR's representation of the Plaintiff and her child at the Impartial Hearing; however, to date has not resolved the issue of attorney's costs and fees.

WHEREFORE, the Plaintiff prays that this Court:

1. Assume jurisdiction over this action;

2. Award PFCR reasonable attorney's fees and costs in the sum of $31,266.50 (thirty-one thousand two hundred sixty-six dollars and fifty cents), together with such additional sums as this Court may award in connection with PFCR's post-hearing efforts to recover the demanded fees and costs, including reasonable attorney's fees and costs incurred in maintaining this federal court action; and

3. Award such other and further relief as may be just and proper.

Dated: February 28, 2017
New York, New York

s/ _Todd Silverblatt_
Todd Silverblatt, Esq.
Attorney for Plaintiff
PARTNERSHIP FOR CHILDREN'S RIGHTS
Executive Director
271 Madison Avenue, 17th Floor
New York, NY 10016
(212) 683-7999 ext. 223
Fax: (212) 683-5544
tsilverblatt@pfcr.org