UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

J.G., individually and in her capacity as parent of A.R., a Student with a Disability,

                                                 Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                                 Defendant.

------------------------------------------------------------------- x

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

17-CV-1135 (RRM) (RER)

      **WHEREAS**, Plaintiff J.G., through counsel Partnership for Children's Rights ("PFCR"), commenced an administrative proceeding held pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1400 et seq., designated Impartial Hearing ("IH") Case No. 147500;

      **WHEREAS**, an Impartial Hearing Officer issued a Findings of Fact and Decision on March 3, 2014 for IH Case No. 147500;

      **WHEREAS**, on February 28, 2017 Plaintiff commenced this action in federal court, J.G., individually and in her capacity as parent of A.R., a Student with a Disability v. New York City Department of Education, No. 17-CV-1135 (RRM) (RER), against the New York City Department of Education (the "DOE"), alleging that Plaintiff was entitled to recover attorneys' fees and costs incurred in the course of IH Case No. 147500;

      **WHEREAS**, Defendant denies any and all liability arising out of Plaintiff's allegations; and

      **WHEREAS**, Defendant and Plaintiff (the "Parties") now desire to resolve this matter and the issues of attorneys' fees without further proceedings, on terms and conditions that

1

are just and fair to the Parties;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties, through the undersigned, as follows:

1. The Parties hereby agree that the terms of this Stipulation and Order (the "Agreement") shall be binding upon the Parties.

2. The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "3" below.

3. The City of New York (the "City") shall pay TWENTY NINE THOUSAND DOLLARS AND ZERO CENTS ($29,000.00) in full satisfaction of all claims for attorneys' fees, costs, and expenses arising from and/or concerning the above-captioned matter, including any underlying administrative proceedings. Such payment will be made by check, payable to "Partnership for Children's Rights," 271 Madison Avenue, 17th Floor, New York, NY 10016. In consideration of the payment of this sum, Plaintiff agrees to the dismissal of all of the claims against Defendant, and agrees to release Defendant, the City, their successors or assigns, and all present or former officials, employees, representatives, or agents of Defendant or of the City from any and all liability, claims, and/or rights of action arising from any and all claims Plaintiff or PFCR may have for costs, expenses, and attorney's fees in connection with the above-captioned matter, the underlying administrative proceedings, and/or pertaining to the 2011-2012, 2012-2013, and 2013-2014 school years.

4. Plaintiff and Plaintiff's counsel shall execute and deliver to Defendant's attorney releases based on the terms of paragraph "3" above, together with tax identification number(s) and substitute W-9 forms (as needed) for Plaintiff's counsel. Payment of the amount described in paragraph "3" above is conditioned upon delivery of all documents reasonably

necessary to effectuate this Agreement, including but not necessarily limited to those just described.

5. Nothing contained herein shall be deemed to be an admission by Defendant that it has in any manner or way violated Plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules, or regulations of the United States, the State of New York, the City, or the DOE, or any other rule, regulation, or bylaw of any department or subdivision of the City or the DOE.

6. Nothing contained herein shall be deemed to constitute a policy or practice of the City or the DOE.

7. This Agreement shall not be admissible in, nor is it related to, any other litigation, proceeding, or settlement negotiation, except as necessary to enforce its terms.

8. This Agreement contains all of the terms and conditions agreed upon by the Parties, and no oral agreement entered into at any time, nor any written agreement entered into prior to the execution of this Agreement, regarding the subject matter of the instant proceeding shall be deemed to exist, to bind the Parties, or to vary the terms and conditions contained herein.

9. The Parties further agree that this Agreement may be executed in counterparts, and that a facsimile or photocopied signature shall be deemed valid for all purposes.

Dated: New York, New York
       May 12, 2017

| | |
|---|---|
| PARTNERSHIP FOR CHILDREN'S RIGHTS<br>Attorney for Plaintiff<br>271 Madison Avenue, 17th Floor<br>New York, NY 10016<br>(212) 683-7999<br>tsilverblatt@pfcr.org | ZACHARY W. CARTER<br>Corporation Counsel of the City of New York<br>Attorney for Defendant<br>100 Church Street, Room 2-305<br>New York, New York 10007<br>(212) 356-0877<br>jwerthei@law.nyc.gov |
| By: _/s/ Todd Silverblatt_<br>     Todd Silverblatt<br>     Executive Director | By: _/s/ Joshua C. Wertheimer_<br>     Joshua C. Wertheimer<br>     Assistant Corporation Counsel |

SO ORDERED:

s/Roslynn R. Mauskopf
------------------------------
JUDGE ROSLYNN R. MAUSKOPF
       U.S.D.J.